UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NOTHERN DIVISION

AMANDA MOLGADO                                                           PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:17CV13-DPJ-RHW

SOCIAL SECURITY ADMINISTRATION                            DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Amanda Molgado, proceeding *pro se* and *in forma pauperis*, filed an appeal from the denial of her claim for disability and disability insurance benefits under the Social Security Act (SSA). Her claim was denied by the Commissioner at the initial level and on reconsideration. Doc. [11] at 97-100, 107-10. She requested and was granted a hearing before an Administrative Law Judge (ALJ). *Id.* at 29-53, 112-13. The ALJ issued a decision dated December 10, 2015, finding Plaintiff not disabled. *Id.* at 15-24. The ALJ concluded that Plaintiff had severe impairments of plantar fasciitis status post left heel fasciotomy, a history of HIV without Acquired Immune Deficiency Syndrome, and obesity. *Id.* at 17. The ALJ further concluded that Plaintiff possessed the residual functional capacity (RFC) to perform sedentary work, except that she should avoid concentrated exposure to extreme heat, cold and humidity; and she should not work from unprotected heights. She can only stoop or climb stairs or ramps occasionally. She cannot kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. She can engage in occasional bilateral lower extremity pedal operation or push/pull. *Id.* at 20. Although Plaintiff is unable to perform past relevant work as a management trainee, the ALJ relied on the testimony of a vocational expert and concluded that Plaintiff can still perform other jobs that exist in significant numbers in the national economy. *Id.* at 23-24. Thus, the ALJ found her to be not disabled. *Id.*

at 24. On December 18, 2016, the Appeals Council denied Plaintiff's motion for review. *Id.* at 5-8. Plaintiff filed the instant litigation to appeal the Commissioner's decision.

In her one-page complaint, Plaintiff alleged that she has HIV and problems with her legs and feet. Doc. [1]. She also alleges a musculoskeletal disorder and plantar and heel spurs. She asserts that she has a weight problem, arthralgia in her right hip, and her legs swell all the time. She alleges being in severe pain every day. According to Plaintiff, these problems prevent her from working. She is in much pain everyday whether walking, standing, or sitting down.

On January 11, 2017, the Court entered a standard order setting deadlines and a briefing schedule. Doc. [4]. The Court instructed that within 30 days after Defendant files its answer and transcript of the record, "Plaintiff must file and serve a memorandum brief setting forth all errors which Plaintiff contends entitle Plaintiff to relief." The Court further instructed that the brief must contain (1) a statement of exact issues presented for review; (2) a statement of the case; (3) an argument divided into separate sections for each issue, with each contention supported by specific reference to the portion of the federal court relied upon and by citations to statutes, regulations, and cases; and (4) a short conclusion stating the relief sought. Defendant filed an answer and administrative transcript on April 18, 2017. Doc. [10] & [11]. Accordingly, Plaintiff's brief was due no later than May 18, 2017. As of August 17, 2017, Plaintiff had not filed a memorandum brief in support of her complaint. Accordingly, the Court entered an Order to Show Cause giving Plaintiff until September 1, 2017, to explain in writing why her complaint should not be dismissed for failure to comply with the Court's order of January 11, 2017. Doc. [12]. On August 28, 2017, Plaintiff filed a one-page response to the show cause order. Doc. [13]. Plaintiff simply re-iterated the basis for her disability claim. She repeated her health issues and argued that she cannot work because standing, sitting, and walking a very painful. Her legs

hurt, her feet swell, and her back hurts. She quit working because of the pain. The Commissioner has not filed a memorandum in support of its decision, presumably because Plaintiff failed to file the appropriate memorandum in support of her appeal.

## Law and Analysis

The federal district court reviews the Commissioner's decision only to determine whether the final decision is supported by substantial evidence and whether the Commissioner used the proper legal standards to evaluate the evidence. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). If the court determines the Commissioner's decision to be supported by substantial evidence, then the findings are conclusive and the court must affirm the decision. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). *See also* 42 U.S.C. § 405(g). This standard requires supporting evidence that is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court is not permitted to "reweigh the evidence in the record, nor try any issues de novo, nor substitute our judgment for the judgment of the [Commissioner], even if the evidence preponderates against the [Commissioner's] decision." *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "'Conflicts in the evidence are for the [Commissioner] and not the courts to resolve.'" *Brown*, 192 F.3d at 496 (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). While the court may alter the Commissioner's decision if based upon faulty legal analysis, the court should defer to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language. *Chevron, U.S.A., Inc. v. National Resources Defense Council*, 467 U.S. 837, 843–44 (1984).

A claimant bears the burden of proving the existence of a medically determinable impairment that has prevented the claimant from engaging in substantial gainful employment. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 423 (d)(5). The Social Security Administration (SSA) utilizes a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520(a), § 404.920(a). Under this analysis, the ALJ may decide a claimant is disabled if he finds that (1) the claimant is not employed in substantial gainful activity; (2) the claimant has a severe, medically determinable impairment; (3) the claimant's impairment meets or equals one of the listings in appendix 1 to subpart P of § 404; (4) the impairment prevents the claimant from performing any past relevant work; and (5) the impairment prevents the claimant's ability to adjust to performing any other work. *Id.*

The claimant initially bears the burden of proving disability under the first four steps, but the burden shifts to the SSA for the fifth step. *Chapparo v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987). Therefore, if the claimant proves that he is unable to perform past relevant work, the SSA must demonstrate that the claimant can perform another occupation that exists in significant numbers in the national economy. The burden then shifts back to the claimant to establish that he cannot perform this alternative employment. *Id.*

The undersigned finds that Plaintiff's complaint should be dismissed, because she has failed to identify any error by the Commissioner in denying Plaintiff's application for disability benefits. Plaintiff simply re-states in cursory fashion the alleged conditions that prevent her from working. Plaintiff fails to identify any error of law. Nor does she explain how the ALJ's decision was not supported by substantial evidence. She fails to point to any evidence in the record to support her contention of disability. Essentially, Plaintiff has failed to provide the Court with a memorandum brief that remotely conforms to the detailed instructions provided in

its order of January 11, 2017. Nevertheless, a review of the administrative record reveals that substantial evidence supports the ALJ's findings regarding Plaintiff's impairments, RFC, and ability to perform work based on her age, education, work experience, and RFC.

The ALJ found that Plaintiff had severe impairments of plantar fasciitis status post-left heel fasciotomy, HIV, and obesity. The ALJ gave a lengthy and detailed analysis of the medical evidence, addressing each of the conditions cited by Plaintiff in her complaint and response to show cause. Doc. [11] at 17-20. Plaintiff has failed to identify any medical evidence that supports a finding of additional severe impairments. The ALJ took into account Plaintiff's ankle condition, HIV, and obesity in his assessment. Plaintiff asserts she also suffers from musculoskeletal problems, conditions with her hip and lower extremities, and back pain. However, the ALJ considered the report of Dr. Syed Sadiq, who examined Plaintiff and noted that her back revealed no tenderness and showed normal range of motion in the lumbar spine. He also noted that her upper extremities were normal with no swelling or crepitus in the hips, knees, and ankles. Plaintiff exhibited good active range of motion and 5/5 strength in all extremities. *Id.* at 19. The ALJ specifically found that Plaintiff had no documented history of abnormality of the back or hips, and that sensory and motor examination have been essentially normal for the lower extremities. *Id.* at 21. In other words, the ALJ cited to substantial medical evidence supporting his decision not to include additional severe impairments related to alleged impairments to Plaintiff's back, legs, or hips.

The ALJ's assignment of sedentary work, with additional limitations, is also supported by substantial evidence. The ALJ gave significant weight to the opinion of Dr. Sadiq, whose findings and conclusions the ALJ found were not inconsistent with sedentary work and show arguably even more functionality. *Id.* at 22. Although the ALJ gave only limited weight to the

opinions of Dr. Richard Walker and Dr. Karen Hulett, both of these reports nevertheless support a finding that Plaintiff is capable of performing at least sedentary work. Dr. Walker completed a residual functional capacity assessment concluding that Plaintiff is capable of performing a reduced range of light work, with some additional limitations. *Id.* Dr. Karen Hulett concurred with Dr. Walker's opinion. *Id.* The ALJ noted that no treating physician has opined disability for Plaintiff. *Id.* The opinions of Dr. Sadiq, Dr. Walker, and Dr. Hulett constitute substantial evidence supporting the ALJ's assignment of limitations.

In her complaint and response, Plaintiff asserts that she suffers from disabling pain. The ALJ considered Plaintiff's subjective complaints of pain and determined they were not substantiated by objective medical evidence. *Id.* at 21. He also found Plaintiff's complaints to be not entirely credible. *Id.* The ALJ noted that no treating source endorsed complaints of chronic lower extremity swelling or the need to elevate her feet for long periods. *Id.* He also noted the absence of medical evidence for anything more than occasional mild to trace edema or swelling and no chronic inflammation of the lower extremity joints. *Id.* Moreover, the ALJ found no indicated abnormality of gait or ambulation. *Id.* Rather, the medical records frequently indicated that she is ambulatory. *Id.* The ALJ further explained that Plaintiff takes only over-the-counter ibuprofen for pain and discomfort. *Id.* Plaintiff fails to identify any objective medical evidence in the record that would support a finding of disabling pain.

Finally, the ALJ's decision that Plaintiff can perform other work is supported by substantial evidence. The ALJ relied on testimony from a vocational expert to conclude that Plaintiff is capable of performing other work in the national economy, when taking into consideration Plaintiff's age, education, work experience, and RFC. Doc. [11] at 23-24. The

vocational expert's testimony constitutes substantial evidence supporting the ALJ's conclusion. *See Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000).

## RECOMMENDATION

Based on the foregoing, the undersigned recommends Amanda Molgado's complaint be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 20th day of December, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE